## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Harley Kent Desselle,

      Petitioner,

v.

Federal Bureau of Prisons,

      Respondent.

Civil No. 15cv531 MJD/JJK

**REPORT AND
RECOMMENDATION**

---

Harley Desselle, #24033-045, Federal Prison Camp – Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se*.

David W. Fuller, Assistant United States Attorney, 300 South Fourth Street, Minneapolis, MN 55415, counsel for Respondent.

---

JEFFREY J. KEYES, United States Magistrate Judge

## I.  INTRODUCTION

      This matter is before the Court on a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)  Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth"). In this Petition he alleges that he did not receive the full benefits of the Residential Drug Abuse Program ("RDAP"). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, this Court recommends that Petitioner's Petition for a Writ of Habeas Corpus be denied.

## II.  BACKGROUND

In November 2013, Petitioner pled guilty to Bank Fraud, 18 U.S.C. § 1344, and False Oath in a Bankruptcy Case, 18 U.S.C. § 152, in the United States District Court for the Western District of Missouri. (Doc. No. 7, Decl. of Chris J. Mandes ("Mandes Decl.") ¶ 3, Ex. A.) Petitioner was sentenced to concurrent sentences of thirty-six months for each count. (*Id.*) Petitioner voluntarily surrendered to FPC Duluth on December 17, 2013. (*Id.* at ¶ 4.) After Petitioner's surrender, his projected release date was July 27, 2016. (*Id.* at ¶ 5.)

While at FPC Duluth, Petitioner participated in and completed the BOP's drug treatment program (RDAP). The RDAP was designed by the BOP to provide treatment to prisoners who have committed a nonviolent offense and who have a diagnosable and verifiable substance abuse disorder. 18 U.S.C. § 3621(e)(2)(B); *see also* 28 C.F.R. § 550.53. If the treatment program prescribed by the RDAP is completed, a prisoner's sentence "may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

The BOP determined Petitioner was eligible for early release pursuant to 18 U.S.C. § 3621(e). (Mandes Decl. ¶ 6.) Subsequently, the BOP's Designation and Sentence Computation Center (DSCC) applied a nine-month early release to Petitioner's sentence, creating a new projected release date of October 27, 2015. (*Id.* at ¶ 6, Ex. D.) Petitioner completed the RDAP on January 14, 2015. (*Id.*)

### III. PETITIONER'S BASIS FOR PETITION

Petitioner argues that he is entitled to the full twelve-month early release under 18 U.S.C. section 3621(e) rather than the nine-month early release he has been granted. (Doc. No. 1, Petition for Writ of Habeas Corpus ("Pet.") ¶ 9.) If a twelve-month early release is applied, Petitioner argues, his projected release date would be July 27, 2015, and he would have been eligible for release to a halfway house in January 2015. (*Id.*; Doc. No. 9, Pet'er's Mot. for Summ. J. or Mot. for J. on Pleadings ("Pet'r's Mot.") 1.) Petitioner bases his argument on a conversation he had with Doug Mowell from the BOP Central Office. (Pet. ¶ 9.) In this conversation, Petitioner alleges that Mr. Mowell told Petitioner "the 'sliding scale' of time off based on length of sentence [had been] abolished" and that a twelve-month early release was given "'across the board'" to those who completed the RDAP. (*Id.*) Mr. Mowell denies making such statements and asserts that he told Petitioner use of "the sliding scale" was "the Bureau's current policy." (Doc. No. 6, Decl. of Douglas Mowell ("Mowell Decl.") ¶¶ 5-6.)

### IV. ANALYSIS

A. <u>Dismissal of the Petition</u>

**1. Proper Parties**

Petitioner has brought his Petition against the BOP. (*See* Pet.) However, in *Rumsfeld v. Padilla*, the Supreme Court held that "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not [some] remote supervisory official." 542 U.S. 426, 435 (2004). Petitioner has

asserted no reason why the default rule should not be followed. Therefore, Chris Nickrenz, the warden at FPC Duluth when Petitioner filed his Petition, is the proper Respondent, and any other Respondent should be dismissed. *Green v. Federal Bureau of Prisons*, 2002 WL 32619483 at *12 (D. Minn. Jan. 29, 2002) ("[I]f the Court determines that this action should proceed, it should proceed only against the Warden, and all other Respondents should be dismissed.").

### 2.  Exhaustion of Administrative Remedies

The BOP is an administrative agency and as such has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. This program requires an inmate to first raise and attempt to resolve issues informally with staff. *Id.*, at § 542.13. Next, if informal resolution is unsuccessful, an inmate may complete a written Administrative Remedy Request form (BP-9). *Id.*, at § 542.14. Notably, attempted informal resolution and a written Administrative Remedy Request must be completed within "[twenty] calendar days following the date on which the basis for the Request occurred." *Id.* Last, if an inmate is not satisfied with the Administrate Remedy Request result, the inmate may submit an Appeal on the appropriate form (BP-10) to the Regional Director. *Id.*, at § 542.15.

Generally, prisoners must first exhaust administrative remedies through the BOP before seeking habeas corpus relief with the courts. *U.S. v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000); *Kendrick v. Carlson*, 995 F.2d 1440, 1447

4

(8th Cir. 1993). Petitioner, by his own admission, has not exhausted available administrative remedies before filing his Petition. (Pet. ¶¶ 17-18.) However, Petitioner argues that exhaustion of administrative remedies would be ineffective, because (assuming a twelve-month early release applies) he should have already been released to a halfway house. (*Id.* at ¶ 17.)[1] In other words, Petitioner argues that exhausting administrative remedies at this point would be futile. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004) (noting that if exhaustion of administrative remedies is futile, such exhaustion may not be required in a section 2241 case).

Petitioner's futility argument fails because Petitioner did not object to the nine-month early release in a timely manner, and he provided no excuse for not exhausting his administrative remedies. Where a Petitioner fails to bring a claim within a specified limitations period, "the expiration of the period reflects only on the individual's choice and not the adequacy of the remedy." *J.B. ex rel Bailey v. Avilla R-XIII School Dist.*, 721 F.3d 588, 595 (8th Cir. 2013). Petitioner's sentence was updated to include the nine-month early release on June 3, 2014. (Mandes Decl. ¶ 6.) Therefore, Petitioner had until June 23, 2014 to initiate informal resolution and complete a written Administrative Remedy Request. *See* 28 C.F.R. § 542.14. Petitioner failed to do so. Judicial relief cannot be a back-

---

[1] Petitioner asserts that he has been granted six months of halfway house time prior to his supervised release. (Doc. No. 10, Pet'r's Aff., Ex. E.) This assertion is not contested in this case, and the record is murky as to how much halfway house time Petitioner is entitled to or received.

door to administrative relief that is not requested in a timely manner; as such,

Petitioner's claim should be dismissed for a failure to exhaust administrative

remedies. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (dismissing

Plaintiff's claim for failure to exhaust administrative remedies where Plaintiff did

not claim "that he was being prevented from effectively utilizing grievance

procedures").

### 3. Jurisdiction over the BOP's decision

The Administrative Procedure Act (APA) allows individuals to request

judicial review of administrative agency decisions. 5 U.S.C. § 702. However, if

"agency action is committed to agency discretion by law," judicial review is

precluded under the APA. *Id.* at § 701(a)(2). Applying a nine-month early release

to Petitioner's sentence is a discretionary action.

Congress has explicitly stated that early release determinations pursuant

to section 3621(e)(2) are exempt from judicial review. 18 U.S.C. § 3625 ("The

provisions of [5 U.S.C. sections 701 through 706] do not apply to the making of

any determination, decisions, or order under this subchapter [which includes 18

U.S.C. section 3621]."). Although BOP rulemaking decisions are not exempt from

APA review, Petitioner has not explicitly challenged any rule pertaining to his

early release determination, but has only challenged the agency adjudicative

decision relating to his early release specifically. *See Martin v. Gerlinski*, 133

F.3d 1076, 1079 (8th Cir. 1998) (noting that agency adjudicative decisions are

not reviewable, but rulemaking decisions are reviewable). In other words,

6

Petitioner is not arguing that the rule providing for early release determinations

(Program Statement 5331.02, *Early Release Procedures Under 18 U.S.C. §*

*3621(e)*) is invalid or unconstitutional, but that the BOP's application of this rule

as it pertains to Petitioner is invalid or unconstitutional. This is exactly the type of

discretionary action that Congress exempted from judicial review. As such, this

Court lacks jurisdiction to review the Petition.

　B.  The Merits of the Petition

　　　Although this Court believes Petitioner's claim should be denied for a

failure to exhaust administrative remedies and because this Court lacks

jurisdiction over the BOP's discretionary acts, it alternatively concludes that the

Petition should be denied based on its merits.

### 1.  Discretionary Validity of Program Statement 5331.02

　　　Alternatively to IV.A.3 above, Petitioner's Petition could be construed to

argue that the sliding-scale used by Program Statement 5331.02 is an

inappropriate interpretation of 28 CFR § 550.55(c) and 18 U.S.C. § 3621(e).

(Pet'r's Motion 2.)

　　　When an administrative agency is charged by Congress with interpreting

and administering a statute, courts defer to the agency's interpretation and

administration. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S.

837, 866 (1984). However, the level of judicial deference varies depending on

how a specific rule is implemented. The level of judicial deference awarded in

this case is governed by *Auer v. Robbins*; that is, the administrative agency's

7

interpretation is controlling unless it is "plainly erroneous or inconsistent with the regulation." 519 U.S. 452, 461 (internal quotations omitted); *see also Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945) (noting that where a case involves the interpretation of an administrative regulation the interpretation has controlling weight unless it is plainly erroneous or inconsistent with the regulation). *Auer* deference applies when an agency rule is a "creature of the [agency's] own regulations." *Auer*, 519 U.S. at 461.

In this case, the agency rule in question is Program Statement 5331.02. *See Reno v. Koray*, 515 U.S. 50, 61 (1995) (noting that BOP Program Statements are "akin to interpretive rule[s]"). Program Statement 5331.02 is a creature of 28 C.F.R. § 550.55(c), a regulation enacted by the BOP that went through notice-and-comment rulemaking and was promulgated subject to the BOP's discretionary authority allowed by 18 U.S.C. § 3621(e). 28 C.F.R. §550.55(c)(2). Because Petitioner seems to challenge the validity of Program Statement 5331.02, the legal issue can be summarized as follows: is Program Statement 5331.02 plainly erroneous or inconsistent with 28 C.F.R. § 550.55(c)?

The relevant sections of 28 C.F.R. § 550.55(c) state:

(1) Inmates so approved may receive early release up to twelve months prior to the expiration of the term of incarceration, except as provided in (c)(2) . . .

(2) Under the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit the time-frame of early release based upon the length of sentence imposed by the Court.

Notably, these sections do not indicate *how* the BOP Director should calculate an

early release timeframe based on length of sentence. Program Statement

5331.02 was implemented to fill this gap. Program Statement 5331.02 provides

the following guidance for early release timeframes based on length of sentence:

- If the sentence is thirty months or less, the prisoner should be granted no more than a six-month early release;

- If the sentence is between thirty-one to thirty-six months, the prisoner should be granted no more than a nine-month early release; and

- If the sentence is thirty-seven months or more, the prisoner should be granted no more than a twelve-month early release.

(Pet'r's Aff., Ex. G, p. 2.) This guidance elaborates on the general timeframe

determination principle articulated in 28 C.F.R. § 550.55(c); that is, the BOP

Director may limit early release based on length of sentence. Because Program

Statement 5331.02 elaborates on and interprets 28 C.F.R. § 550.55(c), it is not

plainly erroneous or inconsistent with the regulation. Therefore, *Auer* deference

applies to validate Program Statement 5331.02 and invalidate Petitioner's

argument.

### 2.  Presence of a Protected Right Under § 3621(e)

Petitioner's claim falls under 28 U.S.C. § 2241(c)(3) which requires that

Petitioner be "in custody in violation of the Constitution or laws or treaties of the

United States." To validate his claim, Petitioner must demonstrate some liberty

interest to a twelve-month early release. However, Petitioner cannot demonstrate

such an interest. Petitioner does not object to the validity of his conviction, nor does he object to its initial length of thirty-six months. When a valid conviction is present, the prisoner's liberty rights have been extinguished, and "[t]here is no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Further, because Congress has granted the BOP discretion to determine the length of early release for successful RDAP completion, a liberty interest in such a release is precluded. *Staszak v. Romine*, 221 F.3d 1344 (8th Cir. 2000) (noting that there is no liberty interest in a section 3621(e) release, and a prisoner therefore cannot suffer due process harm when an early release is revoked) (unpublished opinion); *see also Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (noting that when a governmental decisionmaker has discretion regarding a certain action, no liberty interest entitled to due process protection is created). Because Petitioner has asserted no liberty interest in an early release based on completion of the RDAP program, his Petition should be denied.

## V.  RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.     The Petition (Doc. No. 1) be **DENIED**;

2.     Petitioner's Petition for  Leave to File and Proceed In Forma Pauperis (Doc. No. 2) is **MOOT**;

3.     Petitioner's Motion for Summary Judgment (Doc. No. 9) be **DENIED**;

and

4.     This case be **DISMISSED WITH PREJUDICE**.


Dated:  April 30, 2015


     *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 14, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.